IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALICE P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 6:25-cv-68-BN |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This case filed under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security (the "Commissioner") is proceeding before the undersigned United States magistrate judge for all purposes. *See* N.D. TEX. SPEC. ORD. NO. 3-350.

The Commissioner denied Plaintiff Alice P.'s claim for disability insurance benefits, and Plaintiff argues that the Commissioner's decision should be reversed, and this case remanded for further proceedings, because the administrative law judge ("ALJ") failed to incorporate all of the limitations from the prior administrative medical findings into the residual functioning capacity ("RFC") assessment. *See generally* Dkt. No. 12.

The Commissioner filed a brief in response, *see* Dkt. No. 14, and Plaintiff replied, *see* Dkt. No. 15.

And, for the following reasons, the Court reverses the hearing decision and remands this case to the Commissioner for further proceedings.

## Legal Standards

"To qualify for Title II disability-insurance benefits, a claimant must prove a 'disability,' meaning a 'medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity.'" *Hicks v. Comm'r, Soc. Sec. Admin.*, No. 24-10826, 2025 WL 1166147, at *1 (5th Cir. Apr. 22, 2025) (per curiam) (quoting *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002) (in turn citing 42 U.S.C. § 423(d)(1)(A))).

"The Commissioner employs a sequential, five-step inquiry to determine whether a claimant is disabled," *id.* at *2 (citing 20 C.F.R. § 404.1520(a)(4)(i)-(v)), under which the considerations are:

> (1) whether the claimant is "doing substantial gainful activity;" (2) whether the claimant has "a severe medically determinable physical or mental impairment" of sufficient duration; (3) if so, whether her impairment meets or equals a listing in the regulatory appendix; (4) if not, whether the claimant can perform her "past relevant work" given her "residual functional capacity" (RFC); and (5) if not, whether the claimant can adjust to other work given her RFC, age, education, and work experience.

*Id.* at *2 n.5 (citations omitted).

"The claimant bears the burden of proof until the last step, when the burden shifts to the Commissioner." *Id.* at *2 (citing *Jones v. O'Malley*, 107 F.4th 489, 492 (5th Cir. 2024)).

And a federal court's review of the Commissioner's "determinations 'is exceedingly deferential and limited to two inquiries: whether substantial evidence supports the ALJ's decision, and whether the ALJ applied the proper legal standards when evaluating the evidence.'" *Id.* (quoting *Taylor v. Astrue*, 706 F.3d 600, 602 (5th

Cir. 2012) (per curiam); citing 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.")).

"Substantial evidence means 'more than a scintilla, but it need not be a preponderance.'" *Id.* (quoting *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); citing *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) ("[Substantial evidence] means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)))).

**Analysis**

Plaintiff argues that the ALJ's mental RFC is not supported by substantial evidence where the ALJ failed to incorporate all of the limitations from the prior administrative medical findings of state agency medical consultant ("SAMC") Dr. Lisette P. Constantin into the RFC assessment. *See generally* Dkt. No. 12.

The Commissioner contends that this argument is misplaced because the ALJ evaluated Dr. Constantin's opinions and found them partially persuasive. *See* Dkt. No. 14 at 1.

The ALJ's mental RFC assessment was as follows:

> 4. After careful consideration of the entire record, the undersigned finds that the claimant … would be able to understand, remember, and carryout simple instructions and could have frequent interaction with coworkers, supervisors, and the public.

Dkt. No. 11-1 at 94. In reaching this RFC, the ALJ

> considered the prior administrative findings of State Agency medical

> reviewer/consultant, Lisette Constantin, Ph.D. who opined that the claimant could respond appropriately to typical instructions and typical redirection, but may have some limitations in conflict situations; can cooperate with tasks and transactions; can accept directions and feedback with moderate limits; would likely do better in settings requiring minimal public interactions; may work better with things rather than with people; can understand, remember, and carry out detailed, but not complex instructions; can make decisions; can attend and concentrate for extended periods; and can accept instructions and respond appropriately to changes in routine work setting and found that this view was partially persuasive (Ex. C6A). In reaching this finding, the undersigned found that this view was somewhat supported by a review of the medical evidence, which has shown that the claimant has generally sustained intact orientation and memory. However, the view that the claimant could perform detailed tasks was not consistent with later testing, which showed that the claimant exhibited greater mental limitations than noted (Ex. C15F).

*Id.* at 98.

In the Disability Determination Explanation, Dr. Constantin opined that Plaintiff "would likely do better in settings requiring minimal public interactions and may work better [with] things rather than [with] people." *Id.* at 183. Dr. Constantin also opined that Plaintiff "would do best in a low stress environment [without] changing demands or quotas." *Id.* at 184.

Plaintiff contends that the ALJ erred because these two limitations were omitted from the ALJ's RFC without explanation. *See* Dkt. No. 12 at 15-16.

The Commissioner counters that these limitations were not part of Dr. Constantin's ultimate mental RFC. *See* Dkt. No. 14 at 4. The Commissioner contends that "Dr. Constantin's final ultimate mental RFC finding specified only: 'Claimant can understand, remember, and carry out detailed but not complex instructions, make decisions, attend and concentrate for extended periods, accept instructions and

respond appropriately to changes in routine work setting.'" *Id.* (quoting Dkt. No. 11-1 at 184).

The Court is not persuaded that Dr. Constantin's RFC finding did not include the limitations from the additional narrative explanations. As Plaintiff points out, the Disability Determination Explanation states that "the actual mental residual functional capacity assessment is recorded in the narrative discussion(s), which describes how the evidence supports each conclusion." Dkt. No. 11-1 at 182.

And, so, the Court disagrees with the Commissioner that "[t]he ALJ's RFC finding is more restrictive than Dr. Constantin's ultimate mental RFC finding." Dkt. No. 14 at 4.

And it finds that the ALJ erred in excluding Dr. Constantin's limitations without sufficient explanation.

No doubt, "[a]n 'ALJ is responsible for determining an applicant's residual functional capacity.'" *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021) (quoting *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)); *accord Garrett R. v. Comm'r of Soc. Sec. Admin.*, No. 3:22-cv-829-D-BK, 2023 WL 5418301, at *3 (N.D. Tex. July 20, 2023) ("The RFC determination falls solely to the ALJ, who is responsible for resolving any conflicts in the evidence." (citing *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (per curiam))), *rec. adopted*, 2023 WL 5415283 (N.D. Tex. Aug. 22, 2023).

> In doing so, the ALJ "examines the medical evidence in the record, including the testimony of physicians and the claimant's medical records." "Notably, though, ALJs are no longer required to give controlling weight to a treating physician's opinion, as was mandated by

> federal regulations and our caselaw in the past." Instead, an ALJ considers a list of factors articulated in 20 C.F.R. § 404.1520c to decide "what weight, if any, to give to a medical opinion."

*Miller v. Kijakazi*, No. 22-60541, 2023 WL 234773, at *4 (5th Cir. Jan. 18, 2023) (per curiam) (quoting *Webster*, 19 F.4th at 718).

> [And t]he RFC determination is a "combined medical assessment of an applicant's impairments with descriptions by physicians, the applicant, or others of any limitations on the applicant's ability to work." It "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." An individual's RFC should be based on all of the relevant evidence in the case record, including opinions submitted by treating physicians or other acceptable medical sources.

*Hess v. Kijakazi*, Civ. A. No. 22-5305, 2023 WL 8696374, at *8 (E.D. La. Oct. 20, 2023) (footnotes omitted), *rec. adopted*, 2024 WL 1231327 (E.D. La. Mar. 22, 2024).

And, so, "[t]here is no requirement that an ALJ's RFC finding must mirror or match a medical opinion." *Robert D.D. v. Kijakazi*, No. 3:22-cv-3164-C-BN, 2022 WL 16935248, at *4 (N.D. Tex. Oct. 31, 2022) (quoting *Carson v. Comm'r of Soc. Sec.*, No. 6:21cv12, 2022 WL 2525438, at *7 (E.D. Tex. May 25, 2022)), *rec. adopted*, 2022 WL 16927799 (N.D. Tex. Nov. 14, 2022).

This makes sense because the RFC assessment itself "is not a medical opinion." *Carson*, 2022 WL 2525438, at *7 (citing *Joseph-Jack v. Barnhart*, 80 F. App'x 317, 318 (5th Cir. 2003) (per curiam)).

And, again, "[u]nlike medical providers and medical consultants, the ALJ considers additional evidence including the claimant's statements and testimony concerning his symptoms, his activities of daily living, the frequency and intensity of pain, the effects of medication, as well as all other medical evidence and opinion

statements in the record." *Id.* (citing 20 C.F.R. § 404.1529); *see, e.g.*, *Robert D.D.*, 2022 WL 16935248, at *4 ("The ALJ articulated the reasons for her persuasiveness findings, incorporated Dr. Curtis' finding that Plaintiff had severe mental limitations and imposed more restrictive limitations than those found by the SAPCs. Although the ALJ's mental RFC finding does not mirror the SAPC's medical opinions, 'it cannot be said that [the ALJ's] decision was not based on substantial evidence.'" (quoting *Webster*, 19 F. 4th at 71)).

> [But t]he Social Security regulations require the Commissioner (and in turn an ALJ acting for the Commissioner) to "articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in [a given] case record." 20 C.F.R. § 1520c(b). Although the ALJ is not required to articulate how he or she considered each and every medical opinion contained in a medical source statement from a given medical provider, *see id.* at § 404.1520c(b)(2), the ALJ must still provide some explanation for his reasons for rejecting a medical opinion of record. *See Loza v. Apfel*, 219 F.3d 378, 395 (5th Cir. 2000); *see also Price v. Astrue*, 401 F. App'x 985, 987 (5th Cir. 2010) (per curiam) (Although the ALJ does not need to comment on every piece of evidence, he must still "build an accurate and logical bridge between the evidence and the final determination."). Without any explanation from the ALJ, it is impossible for the Court to determine whether the ALJ's finding is supported by substantial evidence. *See Harmon v. U.S. Comm'r*, No. 6:14-cv-2660, 2015 WL 9226138, at *7 (W.D. La. Nov. 17, 2015) (concluding reversal and remand was required where ALJ failed to explain basis of decision, making it impossible for the court to determine whether the ALJ provided the correct legal standard or whether the finding was supported by substantial evidence).

*Ramirez v. Saul*, SA-20-cv-457-ESC, 2021 WL 2269473, at *6 (W.D. Tex. June 3, 2021).

"The most important factors in assessing the persuasiveness of a medical source's opinion – whether that source is a treating, examining, or non-examining

physician – are the first and second factors: supportability and consistency." *Kuzniar v. Comm'r of Soc. Sec. Admin.*, No. 2:23-cv-237, 2024 WL 7035438, at *7 (S.D. Tex. June 4, 2024) (citing 20 C.F.R. §§ 404.1520c(a), 416.920c(a)). "Generally, a sufficient explanation of consistency and supportability allows the Court to undertake a meaningful review of whether the ALJ's decision was supported by substantial evidence." *Godfrey v. Comm'r of Soc. Sec Admin.*, No. 1:24-cv-1580-DH, 2025 WL 3251552, at *3 (W.D. Tex. Sept. 23, 2025).

Here, the ALJ's decision stated that Dr. Constantin's findings, including that Plaintiff "would likely do better in settings requiring minimal public interactions [and] may work better with things than with people," were "somewhat supported by a review of the medical evidence, which has shown that the claimant has generally sustained intact orientation and memory." Dkt. No 11-1 at 98. Yet the ALJ's mental RFC states that Plaintiff "could have frequent interaction with coworkers, supervisors, and the public." *Id.* at 94.

The ALJ does not explain this discrepancy. The ALJ stated only that "the view that the claimant could perform detailed tasks was not consistent with later testing," but the ALJ neither elaborated on this finding nor addressed the consistency of any other limitation put forth by Dr. Constantin. *Id.* at 98.

It's true that the ALJ "was not required to include any specific limitations in the RFC determination." *Bustos v. Kijakazi*, No. 2:23-cv-3, 2023 WL 9102280, at *11 (S.D. Tex. Dec. 5, 2023). But the ALJ's failure to provide a "logical bridge" between its analysis of Dr. Constantin's opinion and the limitations that the ALJ excluded

from the mental RFC was error. *See Ramirez*, 2021 WL 2269473, at *6 ("This is particularly true where, as here, the lack of explanation leaves the Court with an inexplicable discrepancy. The ALJ found Plaintiff credible and departed from the SAMCs by imposing more exertional limitations than these consultants. Yet, he ignored the SAMCs' postural limitations and included no reference in his RFC to Plaintiff's standing and walking abilities. The Court is left with only speculation as to the reason for this omission – whether it was intentional or merely an oversight. *See Reese v. Saul*, 2020 WL 6804513, at *7 (S.D. Tex. Nov. 3, 2020) (vacating decision for lack of substantial evidence where ALJ provided no explanation for discrepancy between the claimant's need of a cane to ambulate and the ability to walk or stand for two hours, as the 'Court cannot speculate as to how these findings should be reconciled'). … True, the ALJ did emphasize some aspects of the medical record in his opinion that could theoretically speak to the ALJ's reasons for ignoring the standing and walking aspects of the SAMCs' opinions. … [But] he never discussed that evidence in the context of evaluating the persuasiveness of the SAMCs' opinions as to Plaintiff's standing and walking limitations. [And i]t is not this Court's or the Commissioner's role to supply a post-hoc explanation for the ALJ's RFC where the ALJ himself failed to provide one.") (citations omitted).

And this error was not harmless.

"An error is not harmless if it affected Plaintiff's substantial rights and the outcome of the proceedings." *Id.* at *7 (citing *Taylor*, 706 F.3d at 603).

The hypothetical question posed by the ALJ to the vocational expert at the

hearing tracked the limitations of the mental RFC, which excluded the limitations found by Dr. Constantin: "Would you please assume a younger individual with a GED and past work as you just described. … This individual would be able to understand, remember, and carry out simple instructions." Dkt. No. 11-1 at 130. Courts have found harmful error and reversed under similar circumstances. *See Boyd v. Apfel*, 239 F.3d 698, 707 (5th Cir. 2001) ("Because the ALJ relied on testimony elicited by a defective hypothetical question, the ALJ did not carry his burden to show that despite Boyd's impairments, Boyd could perform available work."); *Ramirez*, 2021 WL 2269473, at *7 ("Had the ALJ found Plaintiff to suffer from standing and walking limitations of any kind, Plaintiff would be unable to perform the full standing and walking requirements of light work. The ALJ might have therefore concluded that Plaintiff is unable to perform his past relevant work, which was performed at a light exertional level per the VE and involved extensive walking and standing. He also might not have reached a finding of non-disability on this basis.").

The Commissioner argues that, "even if all of the language from Dr. Constantin were adopted verbatim as fully persuasive, this would not change the outcome of this case" because the ALJ made an alternative finding at step five. Dkt. No. 14 at 4. But this alternative finding was based, in part, on the RFC, as well as the vocational expert's answer to the hypothetical, which, in turn, was also based on the RFC. *See* Dkt. No. 11-1. And the ALJ's RFC was less restrictive than Dr. Constantin's. *Cf. Acosta v. Kijakazi*, No. EP-22-cv-417-ATB, 2023 WL 6135687, at *8 (W.D. Tex. Sept. 19, 2023). ("Nevertheless, a comparison between Acosta's mental RFC assessed by

the ALJ and that assessed by Dr. Drake reveals that the limitations the ALJ incorporated are either the same as or more restrictive than those found by Dr. Drake. As such, the ALJ's § 416.920c error was harmless. *See, e.g.*, *Baker o/b/o Baker v. Berryhill*, No. 1:15-cv-943-MAT, 2018 WL 1173782, at *4 (W.D.N.Y. Mar. 6, 2018) ('Remand is generally not warranted where the ALJ's RFC finding is more restrictive than the limitations set forth in the medical opinions of record, inasmuch as any alleged error in his regard inures to the claimant's benefit.'); *Griffin v. Kijakazi*, No. 2:22-cv-57-DCP, 2023 WL 3573734, at *11 (E.D. Tenn. May 19, 2023) (finding that 'any error by the ALJ in failing to sufficiently articulate the consistency and supportability factors was … harmless for another reason, namely, that the ALJ imposed greater limitations than those opined by the state agency medical consultants.')." (cleaned up)).

And, so, the ALJ committed reversible error by failing to explain why the ALJ omitted Dr. Constantin's limitations from the mental RFC.

**Conclusion**

The hearing decision is REVERSED, and this case is REMANDED to the Commissioner of Social Security for further proceedings.

SO ORDERED.

DATED: September 14, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE